ACCEPTED
05-15-00554-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/14/2015 3:09:54 PM
LISA MATZ
CLERK

No. 05-15-00554-CV

IN THE

FIFTH COURT OF APPEALS

at Dallas, Texas

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/14/2015 3:09:54 PM
LISA MATZ
Clerk

_____

IN THE INTEREST OF J.A.C. AND Z.C.C., CHILDREN

_____

Appealed from Cause No. 416-54259-2014 in the

416th Judicial District Court of Collin County, Texas

_____

**APPELLANTS' REPLY BRIEF**

_____

**Grady Reiff**
State Bar No. 24074941
greiff@fullenweider.com
**Randall B. Wilhite**
State Bar No. 21476400
rwilhite@fullenweider.com
**FULLENWEIDER WILHITE, P.C.**
4265 San Felipe, Ste. 1400
Houston, Texas 77027
713.624.4100
713.624.4141 Facsimile
service@fullenweider.com
**ATTORNEYS FOR APPELLANTS,
J.A.C. AND Z.C.C.**

**ORAL ARGUMENT NOT REQUESTED**

## ABBREVIATIONS

Reporter's Record ......................................................................................**RR**

Clerk's Record ................................................................................ **CR**[1]

Supplemental Clerk's Record ...............................................................**Supp. CR**

All other abbreviations in Appellants' Reply Brief remain the same as in their Appellants' Brief.

---

[1] For clarity's sake, or lack thereof, there are **two** Clerk's Records—**each marked as Volume 1 of 1**—and filed on May 26, 2015. However, each Volume 1 of 1 has different filings that compromise all of the Clerk's Record on appeal.

# TABLE OF CONTENTS

**Page**

ABBREVIATIONS ...................................................................................................ii

TABLE OF CONTENTS...........................................................................................iii

INDEX OF AUTHORITIES.......................................................................................iv

OBJECTION TO USE OF APPELLEE'S TRIAL EXHIBIT NO. 3 AND CERTAIN UNSUBSTANTIATED FACTUAL ASSERTIONS IN APPELLEE'S BRIEF ..................................................................................... 1

APPELLEE'S CONTENTIONS ............................................................................... 4

    Claimed Collateral Attack on an Acknowledgment of Paternity ...................... 4

    Public Policy ...................................................................................................... 6

PRAYER ................................................................................................................. 7

CERTIFICATE OF COMPLIANCE......................................................................... 8

CERTIFICATE OF SERVICE ................................................................................. 8

# INDEX OF AUTHORITIES

## Cases

**Page**

*Columbia Med. Center of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238 (Tex. 2008)............................................................................................................6

*State of Texas v. Shumake*, 199 S.W.3d 279 (Tex. 2006)..........................................6

*Travelers Indem. Co. of Rhode Island v. Starkey*, 157 S.W.3d 899 (Tex. App.—Dallas 2005, pet. denied)................................................................1

## Statutes

Tex. Fam. Code §160.103...........................................................................................6

Tex. Fam. Code §160.302........................................................................................4, 5

Tex. Fam. Code §160.308......................................................................................4, 5, 6

Tex. Fam. Code §160.311..........................................................................................5

Tex. Fam. Code §160.602........................................................................................6, 7

Tex. Fam. Code §160.637........................................................................................6, 7

## Rules

Tex. R. App. P. 9.4...................................................................................................8

Tex. R. Evid. 202 .....................................................................................................5

**OBJECTION TO USE OF APPELLEE'S TRIAL EXHIBIT NO. 3 AND CERTAIN UNSUBSTANTIATED FACTUAL ASSERTIONS IN APPELLEE'S BRIEF**

Appellants object to the use of Appellee's trial exhibit number 3, Deposition of Nathan Cramer, in the Reporter's Record for the April 13 hearing as it was **only** offered, and not admitted, into evidence at the hearing. (RR, Exhibit List, p.4). Neither Appellants, Appellee, nor the trial court referred to the exhibit during the hearing; agreed its interpretation was an issue for the trial court to determine; published the exhibit; nor did the trial court reference Mr. Cramer's deposition in its findings of fact and conclusions of law. An exhibit that is merely offered but not admitted may not be considered by the appellate court except in narrow circumstances, which do not exist here. *See*, *e.g.*, *Travelers Indem. Co. of Rhode Island v. Starkey*, 157 S.W.3d 899, 904 (Tex. App.—Dallas 2005, pet. denied) (holding that if attorneys for both parties and trial court treated exhibit only offered into evidence as if it was also admitted, i.e., referred to exhibit, agreed its interpretation was issue for court to decide, published exhibit for court, lodged no objections to its reference, and trial court based its findings of fact and conclusions of law on exhibit, then exhibit is admitted for "all practical purposes"). As such, Appellee's exhibit number 3 was not properly before the trial court or this Court, and Appellants object its use and to the following unsupported factual assertions in Appellee's Brief:

1. "CRAMER acknowledged his paternity on the birth certificates." *Citing* RR Ex. 3 at 16:23-17:15. (Appellee's Brief, p.2).

2. "CRAMER continued as an active father following the second divorce." *Citing* RR Ex. 3 at 26:11-17. (*Id.*, p.5).

3. "CRAMER admitted that BENN's suit on behalf of J.A.C. and Z.C.C. to terminate CRAMER's parental rights and adjudicate MASSEY as the children's father was purely based upon financial reasons." *Citing* RR Ex. 3 at 45:6-13, 46:5-9. (*Id.*, p.6).

4. "[A]s well as prior acknowledgements of CRAMER's paternity by BENN and CRAMER." *Citing* RR Ex. 3 at 16:23-17:15. (*Id.*, p.7).

5. "CRAMER and BENN acknowledged CRAMER as the father of J.A.C. and Z.C.C. by signing the children's birth certificates identifying CRAMER as the father . . . ." *Citing* RR Ex. 3 at 17:12-15. (*Id.*, p.18-19).

Appellants further object to the following factual assertions as each is unsubstantiated by the reporter's record reference:

1. "CRAMER and BENN acknowledged CRAMER's paternity of J.A.C. and Z.C.C. by signing the boys' birth certificates with CRAMER as the father and giving the boys CRAMER's last name in May of 2001. *Citing* RR Ex. 4 at 16:23-17:15. (*Id.*, p.7).

2. "The 2008 Georgia divorce decree between BENN and CRAMER also adjudicated CRAMER's paternity with respect to J.A.C. and Z.C.C., based on *prior acknowledgements of paternity including the South Carolina agreement and Decree,* and the May 2008 sworn settlement agreement." *Citing* RR Exs. 1, 2. (objection made to emphasized language).

3. "For over thirteen years, from the signing of the birth certificates . . . ." *Citing* CR 4. (*Id.*, pp.7-8).

4. "CRAMER was present at the birth of the children, testified that he believed he signed the birth certificates acknowledging his paternity to J.A.C. and Z.C.C. . . . ." *Citing* Supp. CR 6-7; RR 16:23-17:15. (*Id.*, pp.16).

## APPELLEE'S CONTENTIONS

Appellee's Brief, in essence, offers two arguments to support Mr. Massey's position.

Claimed Collateral Attack on an Acknowledgment of Paternity. In Appellee's Brief, Mr. Massey asserts that at least one acknowledgment of paternity exists, which prevents J.A.C. and Z.C.C. from maintaining their suit as it constitutes an impermissible collateral attack against such an acknowledgment under Section 160.308(c). (Appellee's Brief, pp. 9-22). To support this claim, Mr. Massey relies upon the unsubstantiated contention that Mr. Cramer signed Appellants' birth certificates and has generally acknowledged his (mistaken) fatherhood, including in two divorce proceedings, during Appellants' lives.

Mr. Massey has imposed a mental framing on this case that is not the correct one. He presumes that so long as Mr. Cramer is shown to have signed any document acknowledging his paternity, then J.A.C. and Z.C.C. are precluded from maintaining their case. Mr. Massey's argument only applies, however, if the acknowledgement(s) of paternity, which he says are (1) J.A.C. and Z.C.C.'s birth certificates allegedly signed by Mr. Cramer, (2) a 2008 notarized settlement agreement, and (3) the South Carolina and Georgia divorce decrees, comport with the acknowledgment of paternity laws of this or another state. Tex. Fam. Code §§160.302(a)(1)-(5) (setting forth requirements of an acknowledgement of

paternity under Texas law); §160.311 ("A court of this state shall give full faith and credit to an acknowledgment of paternity . . . that is effective in another state if the acknowledgment . . . has been signed and is otherwise compliant with the law of the other state."). Neither of the latter documents satisfy the requirements under Section 160.302(a)(1)-(5).

As for J.A.C. and Z.C.C.'s birth certificates, there is no evidence of them in record, much less of Mr. Cramer having signed them, but assuming, *arguendo*, their signed birth certificates were before the trial court, the trial court did not take judicial notice of South Carolina law regarding its legal requisites of an acknowledgment of paternity nor was any evidence provided by Mr. Massey regarding the same to substantiate his argument the birth certificates constitute, in legal effect, acknowledgements of paternity under South Carolina law. *Id.* §160.311; *see* Tex. R. Evid. 202 ("Determination of Law of Other States"). The record is likewise devoid of any evidence that the South Carolina and Georgia divorce decrees or the 2008 notarized settlement agreement comport with the legal rules and requirements of acknowledgments of paternity in those states.[2]

---

[2] The same is true for all the other factual assertions Mr. Massey makes, baseless or not, as there is no evidence to support any or all of those assertions constituting an acknowledgement of paternity under the laws of any state. Tex. Fam. Code §160.311; *see* Tex. R. Evid. 202.

As such, the trial court had no basis to conclude that Mr. Cramer has ever executed an acknowledgement of paternity under Texas, South Carolina, Georgia, or any other state's parentage laws and that J.A.C. and Z.C.C. therefore lack standing to maintain their suit under Section 160.308(c).

Public Policy. Mr. Massey also raises the claim of public policy to preclude J.A.C. and Z.C.C.'s suit despite the Legislature's meticulous and comprehensive design to allow it. (Appellee's Brief, pp. 22-26). The construction of Sections 160.602(a)(1) and 160.637(b) and the evidence in the record plainly allow J.A.C. and Z.C.C. to maintain their parentage determination, along with the unambiguous mandate that:

(a)    [C]hapter 160 governs every determination of parentage in this state.

(b)    The court shall apply the law of this state to adjudicate the parent-child relationship. The applicable law does not depend on:

(1)    the place of the birth of the child; or

(2)    the past or present residence of the child.

Tex. Fam. Code §160.103.

Mr. Massey's argument ignores the plain meaning of the words chosen and objective of Chapter 160 and violates this Court's primary objective—to ascertain and give effect to the Legislature's intent. *E.g.*, *State of Texas v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Such an interpretation would correspondingly cause

this Court to interpret Chapter 160 in a manner that renders numerous parts of its statues "meaningless or superfluous." *E.g.*, *Columbia Med. Center of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). His theory also wrongfully denies Appellants' their lawful right to maintain this suit.

## PRAYER

The plea to the jurisdiction should be reversed, and J.A.C. and Z.C.C. should be given the opportunity to prove that Mr. Massey is their biological father as provided under Sections 160.602(a)(1) and 160.637(b).

Respectfully Submitted,

**FULLENWEIDER WILHITE, P.C.**
4265 San Felipe, Ste. 1400
Houston, Texas 77027
713.624.4100
713.624.4141 Facsimile
service@fullenweider.com

By:/s/ Grady Reiff
    **Grady Reiff**
    State Bar No. 24074941
    greiff@fullenweider.com
    **Randall B. Wilhite**
    State Bar No. 21476400
    rwilhite@fullenweider.com
    ATTORNEYS FOR APPELLANTS,
    J.A.C. and Z.A.C.

## CERTIFICATE OF COMPLIANCE

Under Tex. R. App. P. 9.4(i)(3) as amended effective December 1, 2012, I certify there are 1,290 words within this document exclusive of those contained in the caption, table of contents, index of authorities, issues presented, statement of the case, signatures, proof of service, and certificate of compliance, as tabulated by the computer program used with preparing this document.

By: /s/ Grady Reiff
**Grady Reiff**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing Appellants' Brief was served on each attorney of record or party under the Texas Rules of Civil and Appellate Procedure on this the 14th day of December 2015.

By: /s/ Grady Reiff
**Grady Reiff**